IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ADOLFUS O'BRYAN GILES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 3:13-CV-101 (CAR) |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER ON MOTION FOR PERMISSION TO APPEAL *IN FORMA PAUPERIS***

*Pro se* Plaintiff Adolfus O'Bryan Giles moves to proceed *in forma pauperis* ("IFP") on appeal from the Court's April 9, 2014 Order dismissing the instant case.  Pursuant to 28 U.S.C. § 1915, this Court may "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1]  In addition, Rule 24 of the Federal Rules of Appellate Procedure provides:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:

---

[1] 28 U.S.C. § 1915(a).  "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

      (A) shows … the party's inability to pay or to give security for fees and costs;
      (B) claims an entitlement to redress; and
      (C) states the issues that the party intends to present on appeal.[2]

Thus, to proceed IFP on appeal, the moving party must show both an inability to pay and that the appeal is brought in good faith.

In this case, Plaintiff has demonstrated an inability to pay, but his appeal is not taken in good faith. A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.[3] An IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."[4] As explained in the Court's April 9, 2014 Order, Plaintiff's claims are foreclosed by quasi-judicial immunity. In addition, Plaintiff has not identified a legal point on which to base his appeal pursuant to Rule 24(a)(1)(C). Accordingly, the Court certifies that Plaintiff's appeal is not taken in good faith, and his Motion for Permission to Appeal *In Forma Pauperis* [Doc. 19] is **DENIED**. Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

      **SO ORDERED**, this 28th day of April, 2014.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

BBP

---

[2] Fed. R. App. P. 24(a).
[3] *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989).
[4] *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).